M. D. HARRISON AND LOLA HARRISON, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 22115. Promulgated June 17, 1952.

*Noble Freemon, Jr., Esq.*, for the petitioners.
*William W. Oliver, Esq.*, for the respondent.

OPINION.

BLACK, *Judge:* There is no dispute between the parties as to the gross income of petitioners in the year 1946. The Commissioner has not questioned the correctness of petitioners' gross income as reported on their joint return. On that joint return, petitioners not only claimed their own personal exemptions but also claimed credit for four dependents. By making these claims petitioners' return as filed showed no tax due. The Commissioner in his audit of the return disallowed the claim for credit of four dependents and that resulted in the deficiency which has been determined.

Petitioners filed a petition for review and in that petition assigned the three errors which we have enumerated in our preliminary statement as A, B, and C. These assignments of error petitioners had a right to make although petitioners claimed no such deductions on the original joint return which they filed. Respondent does not contend that petitioners do not have a right to make these assignments of error.

As we have already stated, the parties have stipulated the depreciation deduction which petitioners are entitled to receive and that issue is no longer in the case.

As to petitioners' assignment of error B, we think the evidence sustains petitioners' claim. Mrs. T. C. Crowder was the mother of petitioner Lola Harrison. After the death of Mrs. Crowder's husband in 1945, she went to live with petitioners and she lived with them throughout the year 1946. Mrs. Crowder was 87 years of age, she had no income and petitioners furnished her entire support in 1946. Under these circumstances she was clearly a dependent of petitioners during the year 1946, and we so hold. Deduction should be allowed petitioners in accordance with this holding.

*Assignment of Error C.*

Under this assignment of error petitioner claims as deductions for ordinary and necessary business expenses, $665 which he claims to have expended in 1946 for food and clothing and other expenses on

account of four foster sons who were living with petitioners in 1946. Petitioners claim this deduction under the following provisions of the Code:

SEC. 23. DEDUCTIONS FROM GROSS INCOME.
In computing net income there shall be allowed as deductions:
  (a) EXPENSES.—
    (1) TRADE OR BUSINESS EXPENSES.—
      (A) In general.—All the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business, including a reasonable allowance for salaries or other compensation for personal services actually rendered; * * *

Respondent contends that the alleged expenses are not deductible as ordinary and necessary business expenses but that such expenditures were for personal, living, or family expenses and are not deductible by reason of the prohibition contained in section 24 of the Code, which reads:

SEC. 24. ITEMS NOT DEDUCTIBLE.
  (a) GENERAL RULE.—In computing net income no deductions shall in any case be allowed in respect of—
    (1) Personal, living, or family expenses, except extraordinary medical expenses deductible under section 23 (x) ;

We think respondent must be sustained. Personal, living, and family expenses are not deductible even though somewhat related to one's occupation or the production of income. See *Ralph D. Hubbard*, 4 T. C. 121. It seems clear from the evidence in this case that the cost of food and clothing for the four children named in our findings of fact was primarily a personal or family type expense, with the business advantage only incidental. The petitioners did not hire the children as employees but, on the contrary, took them from the orphanage under the agreement that they would be taken into petitioners' home and would be cared for as if they were petitioners' own children. No salary was paid to them and the children did work around the house, dairy farm, and garden as other children would ordinarily do under similar conditions. The petitioner was entitled to their services "just like any other parent raising children," and the right to services was incidental to the agreement to assume a "family expense," section 24 (a) (1), by taking care of the children "as one of the members of the family."

The evidence is to the effect that petitioners treated these four foster sons well and their action in taking them into their home, caring for them, teaching them how to work, sending them to school, and things of that sort, was altogether admirable, we think, and they are to be commended for it. We do not think, however, that the $665 estimated expenditures by petitioner are deductible as ordinary and necessary business expenses of petitioners' farming business. If the

four children had been petitioners' adopted children petitioners would have been entitled to four dependency deductions as they claimed on their original joint return. But it turns out that they were not adopted children, and, therefore, the Commissioner's action in disallowing the deduction for these four alleged dependents is sustained.

For reasons we have already given above, we cannot sustain petitioners' assignment of error C to the effect that the Commissioner should have allowed a deduction of $665 as ordinary and necessary expenses because of expenditures which petitioners made in 1946 in the care and keeping of these four children in their home.

*Decision will be entered under Rule 50.*