ARTHUR GROSSMAN, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 53492. Filed April 30, 1956.

*Arthur Grossman, pro se.*
*A. Jesse Duke, Esq.*, for the respondent.

236

OPINION.

KERN, *Judge:* Petitioner first contends that he is entitled to an exemption on account of Julius even though the return in question should be considered as his separate return, because Julius, although not a son of a brother or sister of petitioner within the defining provisions of section 25 (b) (3) of the Internal Revenue Code of 1939, was a person with regard to whom he stood *in loco parentis* by reason of petitioner's agreement with the Department of Mental Health, set forth in our findings, and his care and maintenance of Julius pursuant to that agreement. However, this agreement was not equivalent to adoption and regardless of the burden assumed by petitioner and the laudable charity exercised by him, the relationship created by the agreement is not such as to justify petitioner's claim to a dependency exemption on account of Julius. See *M. D. Harrison*, 18 T. C. 540.

Petitioner also contends that the return was intended to be a joint return, that his wife's failure to sign it was an oversight, that the description of Julius as a nephew instead of a nephew-in-law indicates an intention that the return was to be a joint return of petitioner and his wife, and that therefore it should be held by us to be a joint return with the result that a dependency exemption on account of Julius (the son of a brother or sister of petitioner's wife) would be properly available.

We do not doubt the sincerity of petitioner's present protestations that he intended the return to be a joint return. However, we believe that he is mistaken in his belief that at the time it was filed he had any such intention. A study of the return itself, carefully prepared as it was with professional advice, makes it impossible to conclude that at the time it was prepared and filed it was intended to be a joint return.

*Decision will be entered for the respondent.*