Arnold J. WERNER and Lucille Werner, Plaintiffs,

v.

UNITED STATES of America, Defendant.

United States District Court E. D. Wisconsin.

June 5, 1958.

Paul P. Lipton, Milwaukee, Wis., for plaintiffs.

Charles K. Rice, Asst. Atty. Gen., James P. Garland and M. Carr Ferguson, Attorneys, Dept. of Justice, Washington, D. C., Edward G. Minor, U. S. Atty., and Francis L. McElligott, Asst. U. S. Atty., Milwaukee, Wis., for defendant.

GRUBB, District Judge.

This is an action to recover alleged over-payment of income tax for the calendar year 1948.

Plaintiffs claim the Commissioner of Internal Revenue erroneously computed the tax liability on the basis of the rates applicable to a married person filing a separate return; that they should have been computed on the rates applicable to a joint return.

Plaintiff, Arnold J. Werner, requested an extension of time to file his 1948 return. Not having received such extension, on March 15, 1949, he signed and filed a return. By letter dated March 15, 1949, Werner's request for an extension was granted.

The original return, filed March 15, 1949, was signed only by plaintiff, Arnold J. Werner. The line calling for the insertion of the name of the taxpayer is filled in "Arnold J. Werner"; below that are the directions, "If this is a joint return of husband and wife, use first names of both". The wife, Lucille Werner, is listed in the column "Name of Other Dependent Relative" along with the daughter and mother, as well as being listed on the line above as his wife.

The original return reported an adjusted *gross* income of $22,250. An item of $250 appeared in line 4 calling for the amount of interest. Plaintiff, Arnold J. Werner, testified that this was interest on government bonds belonging to Lucille Werner. The original return showed a tax liability of $1,556.68, of which the unpaid balance due was $98.38. The tax was not computed on the joint return basis. Lucille Werner did not file a separate income tax return for 1948. She had not filed separate returns for any prior or subsequent years.

On or about September 30, 1949, plaintiffs filed another return for the calendar year 1948 which was designated as "Amended Return", and it was filled out and computed as a joint return and showed adjusted gross income of $34,750. Based upon the computation figured on the joint return basis, an additional tax liability of $3,271.74 was declared, plus interest of $106.33, the total amount of which was paid.

On December 6, 1951, June 1, 1953 and September 2, 1953, the Commissioner accepted consents extending the period of limitations on assessments for 1948 until June 30, 1954. The December 6, 1951, consent was signed "Arnold J. Werner" and on the line below, "Lucille Werner by A. J. W.". The other two consents appear to have been signed by both plaintiffs.

The Stipulation of Facts, paragraph 9, sets forth that the Commissioner determined that "Werner's" corrected *net* income was $79,188.12 instead of $9,838.93, and in paragraph 10, that the Commis-

sioner assessed the deficiencies against "Werner".

The deficiency, penalties and interest were paid September 2, 1954. They were computed on the basis of the rates applicable for a married person filing a separate return.

June 15, 1956, plaintiffs filed a claim for refund of taxes, penalties and interest assessed for the calendar year. No action was taken by the Commissioner and this suit was brought to recover the difference between what the amount of the tax would have been if assessed on the rates of a joint return as opposed to the amount computed on the basis of a separate return of a married person.

The original return was prepared by an accountant, one Arthur Champion (since deceased) who was not a certified public accountant, who was bookkeeper for the Wagner Iron Works. He had prepared tax returns previously for Werner and for the company.

Plaintiff, Arnold J. Werner, testified that he relied on Champion in making out the return, that he, Werner, did not know the difference between a separate and a joint return and, therefore, he did not have any specific intention in that respect other than the intention of not paying any more tax than he had to. Plaintiff, Arnold J. Werner, sought to raise some question about his competency to understand these matters, he testifying that his schooling had ended at the end of two years in high school. However, his testimony also showed that he started out as an office boy in the Wisconsin Bridge & Iron Company, and worked himself up to the position of Vice President in charge of sales of that company, which employed some 225 persons, and whose sales ran to $2,500,000 per year. In 1944 he joined the Wagner Iron Works as Vice President. His testimony was that he was responsible for increasing its sales from $400,000 in 1944 to $7,800,000 in 1956. He was also a substantial stockholder and very active in the management of several other corporations. His testimony left no doubt but that he was not only a capable and successful businessman, but a very intelligent one.

Mr. Werner, in his testimony, admitted that he had endeavored to take as a business expense deduction from his income tax an item of approximately $5,000 in attorney fees, but these attorney fees were, in fact, paid by the Wagner Iron Works to Mr. Werner's knowledge. This fact bears upon the credibility which his testimony is entitled to on the only issue in the case, namely, whether he actually intended to file a joint return March 15, 1949.

■ The court finds that the plaintiff, Arnold J. Werner, intentionally filed a separate income tax return for the year 1948.[1]

Section 51(b) of the Internal Revenue Code of 1939, 26 U.S.C.A. § 51(b), gives married taxpayers the option to report their income separately on individual returns or jointly on one return. Reg., 111, Sec. 29.51–1(b), as amended by T.D. 5687, 1949–1 C.B. 9, 22–23, provides in part:

"A joint return may not be made by a husband and wife for a taxable year if a separate return has been filed by one of the spouses and the time for filing the return of such spouse has expired. Similarly, if a joint return is filed, separate returns may not be made by the spouses after the time for filing the return of either has expired."

■ Subsequently, Congress modified the effect of this regulation in Sec. 312 (a) of the Revenue Act of 1951, codified as Sec. 51(g) of the 1939 Code, as follows:

"If an individual has filed a separate return for a taxable year for which a joint return could have been made by him and his spouse under subsection (b) of this section, and the time prescribed by law for filing

1. Grossman v. Commissioner of Internal Revenue, 1956, 26 T.C. 234.

the return for such taxable year has expired, such individual and his spouse may nevertheless make a joint return for such taxable year * * * "

This modification was not retroactive and does not affect the year 1948.

Plaintiffs urge that the earlier regulation prohibiting the filing of a joint return after an individual return had been filed by one of the spouses and after the period for filing by the other spouse had expired, was unreasonable and invalid. Counsel argue that Congress intended to change it by the Revenue Act of 1951 above set forth. The court does not find the administrative convenience gained by having an end to the time allowed for electing whether a return is to be joint or separate is insufficient to sustain its validity.

The court hereby adopts the Stipulation of Facts as its Findings of Fact in this case insofar as it covers the factual issue. The Finding of Fact as to the filing of the separate return is as set forth in the above opinion, which also contains the court's Conclusions of Law.

Counsel for the defendant is directed to prepare an appropriate order in conformity herewith, submitting it to plaintiffs' counsel for approval as to form only.