John E. Young v. Commissioner.
Young v. Commissioner
Docket No. 77132.
United States Tax Court
T.C. Memo 1960-272; 1960 Tax Ct. Memo LEXIS 18; 19 T.C.M. (CCH) 1518; T.C.M. (RIA) 60272; December 20, 1960
John E. Young, pro se, 441 West Kings Highway, Audubon, N. J. Paul D. Ritter, Esq., for the respondent. RAUM
Memorandum Findings of Fact and Opinion Respondent determined a deficiency in the income tax of petitioner for the year 1956 in the amount of $135.17. The sole issue is whether petitioner is entitled to a $600 dependency exemption for his brother in 1956. Findings of Fact Most of the facts have been stipulated, and, as stipulated, they are incorporated herein by reference. Petitioner, a resident of Audubon, New Jersey, filed his income tax return *19 for the year 1956 with the district director of internal revenue, Camden, New Jersey. Petitioner's father died in 1953, and since that time he has maintained a household for his mother and his brother, Leo J. Young. Leo was 19 years old on December 8, 1956, and during the year 1956, he was a full-time student at Villanova University. Petitioner paid Leo's tuition at that university during the year 1956. At no time did petitioner go through any legal procedure to adopt Leo. Leo was employed by the Radio Corporation of America, Camden, New Jersey, in 1956, and received from that corporation wages in the amount of $972.80 during 1956. On his 1956 income tax return, petitioner claimed a $600 dependency exemption for Leo. The claimed dependency exemption was disallowed by the respondent. Opinion RAUM, Judge: In order to be entitled to the dependency exemption of $600 for Leo claimed by petitioner in his 1956 return, it was incumbent upon petitioner to show that Leo was a dependent within the meaning of Section 151(e) of the Internal Revenue Code of 1954. That section provides as follows: (1) In general. - An exemption of $600 for each dependent * * *20 * (A) whose gross income for the calendar year in which the taxable year of the taxpayer begins is less than $600, or (B) who is a child of the taxpayer and who (i) has not attained the age of 19 at the close of the calendar year in which the taxable year of the taxpayer begins, or (ii) is a student. Leo J. Young does not meet either of the requirements of this section. He had gross income of over $600 in 1956 and he is not a child of petitioner. [1]
Petitioner contends, however, that Leo should be considered to be his adopted child under New Jersey law, and that the exemption should be allowed under Section 151(e)(1)(B), supra, even though his brother's income for 1956 was in excess of $600. We are unable to agree with this contention. The laws of the state of New Jersey governing the adoption of children (Sections 9:3-17 to 9:3-36 of the New Jersey Statutes Annotated) require the placing of a child for adoption, institution of an action in court *21 for adoption, a preliminary hearing, a final hearing, and a judgment of adoption. Petitioner admits he did not follow any adoption procedure with respect to his brother. He asks us to give the New Jersey laws a liberal construction and treat Leo as adopted for tax purposes so that he may receive the benefit of a dependency exemption. If we did this we would be giving those laws an erroneous, rather than a liberal construction. They clearly contemplate that certain requirements must be met before a child can become an adopted child. Because they have not been met by petitioner Leo is not his adopted child and cannot be considered to be his child for dependency-exemption purposes. Respondent did not err in determining that he is not entitled to the claimed dependency exemption. Cf. Arthur Grossman 26 T.C. 234; M. D. Harrison, 18 T.C. 540. Decision will be entered for the respondent. Footnotes
1. Subparagraph (3) of Section 151(e)↩ provides that "For purposes of paragraph (1)(B), the term "child" means an individual who (within the meaning of section 152) is a son, stepson, daughter, or stepdaughter of the taxpayer."