GERALD HABLE AND SHERRY HABLE, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Hable v. Commissioner
Docket No. 24541-82.
United States Tax Court
T.C. Memo 1984-485; 1984 Tax Ct. Memo LEXIS 185; 48 T.C.M. (CCH) 1079; T.C.M. (RIA) 84485; September 11, 1984. Gerald Hable and Sherry Hable, pro se. Sue Ann Nelson, for the respondent. CLAPP
MEMORANDUM FINDINGS OF FACT AND OPINION CLAPP, Judge: Respondent determined deficiencies in and additions to petitioners' Federal income tax as follows: Additions to Tax
Year
Income Tax
Sec. 6653(a) [1]
1979
$15,766.27
$788.31
1980
$17,069.41
$853.47
After concessions, the issues for decision are (1) whether petitioners are entitled to deduct certain farm expenses in excess of the amount *186 allowed by respondent; (2) whether petitioners are subject to an increase in self-employment tax for the taxable years in issue; (3) whether petitioners are entitled to any additional expenses, depreciation, or credits in excess of the amounts allowed by respondent, and (4) whether petitioners are liable for additions to tax under section 6653(a) for negligence or intentional disregard of rules and regulations. Some of the facts have been stipulated and are so found. The stipulation of facts and attached exhibits are incorporated herein by this reference. Petitioners Gerald Hable and Sherry Habl, husband and wife, resided in Bloomer, Wisconsin, at the time they filed the petition in this case. They filed joint Federal income tax returns for the taxable years 1979 and 1980 based on the cash receipts and disbursements method of accounting. During the years at issue, petitioners operated a dairy farm in Bloomer, Wisconsin. Included in their return for each year was a Schedule F reflecting farm income, expenses, and depreciation. Respondent issued a notice of deficiency, dated September 22, 1982, for taxable years 1979 and 1980, disallowing, inter alia, farm expenses claimed on *187 the return. Subsequent to the issuance of the notice, respondent determined revised income tax computations for those years based upon a thorough examination of petitioners' books and records, resulting in lower deficiencies and additions to tax. 1. Farm Expenses
One of the major remaining issues in dispute is respondent's disallowance of certain farm expenses on the grounds that petitioners have not adequately substantiated the expenses. The items discussed below were addressed at trial. It is important to note at the outset that deductions are a matter of legislative grace. New Colonial Ice Co. v. Helvering,292 U.S. 435, 440 (1934). Petitioners bear the burden of proving that they are entitled to each of the claimed deductions. Welch v. Helvering,290 U.S. 111 (1933); Rule 142(a) [2]. A. Labor Hired
Gerald Hable testified that the deductions claimed as labor hired on the Schedule F in both 1979 and 1980 in the respective amounts of $4,858.11 and $9,029.61 *188 consisted of wages paid to petitioners' minor children. Compensation is deductible if it is reasonable in amount, based on services actually rendered and paid or incurred. The fact that payments are made to minor children by a related party does not preclude their deductibility. Eller v. Commissioner,77 T.C. 934, 962 (1981). The payments, however, must not be compensation for services which are in the nature of routine family chores. Denman v. Commissioner,48 T.C. 439, 450 (1967); Harrison v. Commissioner,18 T.C. 540, 543 (1952). Petitioners failed to produce any admissible evidence to substantiate these payments. Petitioners maintained no contemporaneous records of the number of hours their children worked. Mr. Hable did not specify what services his children performed nor did he present any probative evidence to demonstrate payment. Accordingly, respondent's determination is sustained. B. Deduction For Wages Paid to Sherry Hable
Petitioners also claimed on the Schedule F a deduction of $9,000 in 1979 and $5,000 in 1980 *189 as wages paid to Sherry Hable. Petitioners included the respective amounts on the Form 1040. Because of lack of substantiation, respondent disallowed the deductions on the Schedule F and made corresponding adjustments to the income entries on the Form 1040. No evidence was presented by petitioners to indicate the services rendered or to substantiate the payment of wages. Accordingly, respondent's determination is sustained. C. Repairs
Petitioners deducted repair expenses on the Schedule F for the year 1979 in the amount of $2,845.48, of which respondent has conceded $823.21. Remaining in dispute is the amount of $2,022.27. Petitioners incurred an expenditure of $900 for the replacement of shingles on the barn roof which had blown off during a hail storm. Respondent disallowed this expenditure as a current expense but allowed it as a capital expenditure resulting in a depreciation deduction. We find that the roof patching job was made to maintain the property and not to improve or prolong the life of the barn. Accordingly, petitioner is entitled to deduct the repair as a current expense in the year 1979. [3] The appropriate adjustment will have to be made to the depreciation *190 schedules for the years 1979 and 1980. Petitioners did not present any additional evidence to support the remaining claimed repair expenses. Therefore, with the exception of the $900 roof repair expense, respondent's determination is sustained. D. Vehicle Use
Petitioners deducted $3,186 in 1979 and $3,685.41 in 1980 as farm-related vehcile use. After concessions, respondent allowed $1,769.34 and $2,070.00, respectively. Mr. Hable admitted that the disallowed mileage ultimately involved fishing and hunting trips. However, he considered these trips to be compensation for his children. As discussed above in 1A, petitioners failed to substantiate the services performed by their children. We believe that, with the exception noted below, the trips were of a personal or family nature and not for payment for services rendered. Mr. Hable testified that approximately one quarter of the disallowed mileage was farm-related in that business was conducted on route to the final destination, e.g., picking up a tractor part. We find Mr. Hable to be a credible witness in this regard. *191 Based on his testimony, we find that 25 percent of the disallowed mileage was for farm-related purposes and should be allowed. E. Storage Area
Petitioners claimed on the Schedule F an amount of $1,000 for each of the tax years in issue for "storage area." Mr. Hable stated at one point that this amount constituted depreciation on a building beside the barn. He could produce, however, no evidence as to its cost or basis. At another point, Mr. Hable stated that the storage area was the basement of his house. In view of the conflicting testimony as to this item as well as the lack of supporting documentation, we find petitioners have failed to meet their burden of proof. Rule 142(a). Petitioners introduced no evidence with respect to any of the other farm expenses disallowed by respondent and, therefore, respondent's determinations with respect to those are sustained. 2. Self-Employment Tax
Because of the adjustments to petitioners' farm expenses and the resulting increase to net farm earnings, petitioners are subject to an increase in their self-employment tax liabilities for the years at issue under sections 1401 and 1402. 3. Other Adjustments to the Notice *192 of Deficiency
Petitioners did not produce any evidence with respect to any of the other adjustments made in the notice of deficiency and which respondent has not conceded. Inasmuch as petitioners have failed to meet their burden of proof, respondent's determinations are sustained. 4. Section 6653(a)
Respondent determined that petitioners were liable for additions to tax under section 6653(a) for each of the years at issue. That section applies when part of an underpayment is "due to negligence or intentional disregard of rules and regulations." Section 6653(a). Petitioners have the burden of proof with respect to this issue. Enoch v. Commissioner,57 T.C. 781 (1972). Petitioners introduced no evidence that would show that respondent's determination is erroneous. To the contrary, Mr. Hable admitted at trial that he did not maintain adequate records. Accordingly, petitioners are liable for the additions to tax under section 6653(a) for the years 1979 and 1980. Because of concessions and to reflect the foregoing, Decision will be entered under Rule 155. *193 Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended and in effect during the years in issue.↩
2. All rule reference are to the Tax Court Rules of Practice and Procedure.↩
3. See Gerald W. Pontel Family Estate v. Commissioner,T.C. Memo. 1981-303↩.